T. L. SMITH *et al.*, Respondent, v. KANSAS CITY & INDEPENDENCE RAPID TRANSIT RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, January 28, 1895.**

Verdict: EVIDENCE. The verdict in this case is not supported by the evidence, and the judgment is reversed.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellant.

The verdict in this case is excessive, and without any evidence to support it. There was no evidence in the case as to the amount of damage in money sustained by the plaintiff's cow. It is well settled that it was the duty of the plaintiffs to take charge of the cow, and care for her, and thus avoid as much of the damage to her as possible. *Harrison v. Railroad*, 88 Mo. 625; *Boggess v. Street Railroad Co.*, 118 Mo. 328; *Alliance Trust Co. v. Stewart*, 115 Mo. 237; *Kansas City v. Morton*, 117 Mo. 446; *Railroad v. McGrew*, 104 Mo. 282.

*Ed. G. Taylor* for respondents.

The defendant offered no evidence to show that the cow had any value just after the injury; and it is not, therefore, in a position to complain that the verdict is excessive. It may be admitted that it was the duty of plaintiffs to take care of the cow, and that the defendant was entitled to credit for whatever value she had over and above the expense and trouble of keeping and curing her; and the court so instructed the jury.

SMITH, P. J.—This action is for damages alleged to have been occasioned by defendant's train running upon and injuring plaintiff's cow. The evidence showed the cow had her shoulder broken which was afterwards cured to the extent that she could walk a little lame. That she was injured as a milch cow. That she was worth $50 before her injury. But there was a total lack of evidence as to what the cow was worth after the injury. There was no basis upon which a jury could arrive at an amount. It was shown that there was $5 worth of medicine used in her cure, but it is not intimated that plaintiff would remit from his judgment down to that amount. There was evidence that at some time after the injury plaintiff sold the cow "for $15 in money and a horse." The value of the horse was offered to be shown to be $15, but this was excluded on plaintiff's objection. So, as before stated, there is a total lack of evidence to show the amount of damage which plaintiff has suffered. Plaintiff states here that on account of an understanding had with opposite party that no objection would be taken as to the sufficiency of the evidence, he did not preserve it in full. But of this we can not of course take notice in the absence of a stipulation. The judgment will be reversed and cause remanded. All concur.